UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PATRICK ANTHONY TRIUMPH** | : | **DOCKET NO. 2:07-cv-774**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **ALBERTO GONZALES, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Patrick Anthony Triumph, pursuant to 28 U.S.C. § 2241. By this petition, the petitioner challenges his detention in post-removal-order custody. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

Petitioner is a native and citizen of Guyana who first entered the United States on August 8, 1982. *See* Government Exhibit 1.

In 1990, petitioner was convicted of writing bad checks in a New Jersey state court, and in 1994, he was convicted of larceny in a New Jersey state court. *See* Government Exhibit 2.

Petitioner apparently departed from the United States on an unspecified date. On July 2, 2003, petitioner arrived in the United States and sought admission as a returning lawful permanent resident. *Id.*

On December 16, 2004, petitioner was convicted in the United States District Court for the District of Connecticut of Aiding and Abetting the Preparation of False Tax Returns in violation of

26 U.S.C. § 7206(2). For this offense he was sentenced to a 33 month term of imprisonment.

Based upon his criminal convictions, the immigration officials issued a Notice to Appear dated March 9, 2005, charging petitioner as an arriving alien who is removable from the United States. Petitioner was released from his criminal custody into immigration custody on October 7, 2005. At that time, he was notified that he would be detained pending his removal proceedings. *See* Government Exhibit 6. Petitioner sought redetermination of his custody status, but his request was denied by the immigration judge and by the Board of Immigration Appeals (BIA). *See* Government Exhibits 11, 12. Thereafter, petitioner filed a petition for review with the Fifth Circuit which was denied on May 23, 2006 for lack of subject matter jurisdiction. *See Triumph v. Gonzales,* 06-60234 (5th Cir. 2006).

On April 25, 2006, following a hearing before an immigration judge, petitioner was ordered removed to Guyana. His application for relief under INA § 212(c) was denied. *See* Government Exhibit 14. Petitioner filed a timely appeal with the BIA. On August 26, 2006, the BIA dismissed the appeal. *See* Government Exhibit 15. Petitioner then filed a petition for review with the Second Circuit on August 29, 2006. *See Triumph v. Gonzales*, 06-4017 (2nd Cir. 2006). He also filed a Motion to Reopen with the BIA. The BIA denied his motion, and petitioner filed a second petition for review with the Second Circuit. *See Triumph v. Gonzales*, 06-4924 (2nd Cir. 2006). Pursuant to the custom and policy of the Second Circuit, petitioner's removal was stayed by the filing of his petitions for review. *See* Government Exhibit 24.

Following the BIA's decision on August 10, 2006, the USICE requested a travel document for petitioner from Guyana. *See* Government Exhibits 18, 19. On August 29, 2006, the Embassy of the Republic of Guyana issued an Emergency Certificate which authorized petitioner's return to

Guyana during the period from August through November, 2006. *See* Government Exhibit 23. However, because petitioner's removal was deemed stayed by the Second Circuit during this time period, the Emergency Certificate expired before petitioner could be removed. *See* Government Exhibit 24.  Additionally, on December 7, 2006 USICE issued a Decision to Continue Detention, noting that petitioner's removal period was stopped due to existence of a stay in the Second Circuit. *See* Government Exhibit 25.

On December 8, 2006, the Second Circuit ordered that petitioner's Petitions for Review be transferred to the Fifth Circuit. *See* Government Exhibit 26.  The transfer order specifically noted that petitioner's removal was stayed and that the stay would remain in effect until the transfer to the Fifth Circuit was completed.   The petitions for review were docketed with the Fifth Circuit on February 12, 2007 and June 11, 2007. *See Triumph v. Gonzales,* 07-60114 (5th Cir. 2007), *Triumph v. Gonzales*, 07-60507 (5th Cir. 2007).   On April 13, 2007 a judge of the Fifth Circuit denied petitioner's motion to stay his deportation, and on May 16, 2007, petitioner's motion for reconsideration of the denial of his motion for a stay was denied. *Triumph v. Gonzales*, 07-60114.

However, on April 26, 2007, pursuant to a motion filed in petitioner's criminal appeal, a single judge in the Second Circuit granted a temporary stay of petitioner's removal pending review by a three judge panel. *See* Government Exhibit 29.  On May 25, 2007, a three judge panel of the Second Circuit denied petitioner's motion for a stay, noting that petitioner's petitions for review had been transferred to the Fifth Circuit and that any motion for stay had to be presented in that Court. *See* Government Exhibit 30.

On June 12, 2007, petitioner filed an application with the United States Supreme Court seeking a stay of his removal. *Triumph v. Gonzales*, 06A1164 (U.S. S.Ct. 2007).  On June 15, 2007,

this application was denied.

On July 6, 2007, petitioner filed a motion to hold case in abeyance pending finality of his 2004 conviction in the Second Circuit. The Attorney General did not oppose this motion to stay further proceedings before the Fifth Circuit.

Petitioner filed this petition on May 1, 2007 challenging his continued detention in post-removal-order custody. He claims that his removal is not likely to occur in the reasonably foreseeable future. In light of the facts alleged by the petitioner, the court ordered the government to respond to the petition.

In its response, the government argues that petitioner has not demonstrated that his removal is not likely to occur in the reasonably foreseeable future and that he has not been detained beyond the period of time reasonably necessary to effect his removal. In support of this argument, the government points out that Embassy of Republic of Guyana issued a travel document for petitioner in August, 2006 which was valid through November, 2006. *See* Government Exhibit 23. However, before USICE could effect the petitioner's removal, petitioner obtained a stay of removal from the Second Circuit Court of Appeals which remained in effect past the expiration date of his travel document.

The petitioner filed a response to the government's answer. In this response, the petitioner argues (1) that the government should not be allowed to remove him from the United States while his conviction is on appeal before the Second Circuit; (2) that because his criminal conviction is not final, his removal order is moot, and his detention under INA § 241 is invalid; and (3) that he is not subject to mandatory detention under INA § 236(c).

## **LAW AND ANALYSIS**

To the extent that petitioner seeks to challenge his removal order based on the alleged non-finality of his criminal conviction, the court lacks jurisdiction to consider that challenge. The Real ID Act "'divest[ed] the district courts of jurisdiction over the habeas petitions of aliens' challenging their orders of removal." *Ariwodo v. Gonzales,* 2007 WL 2455344, *1 (5th Cir. 8/28/07), quoting *Andrade v. Gonzales*, 459 F.3d 538, 542 (5th Cir.2006), cert. denied, 127 S.Ct. 973 (2007).

To the extent that petitioner challenges his detention, the facts of this case make it clear that petitioner is under a final order of removal and that his detention is therefore governed by INA § 241 and not INA § 236(c).

Section 241 of the Immigration & Nationality Act (INA) governs the detention of aliens who have been ordered removed from the United States. INA § 241(a)(1)(A) generally provides the Attorney General with 90 days to effect the removal of an alien from the United States after an order of removal. This period of 90 days is referred to as the "removal period." By operation of INA § 241(a)(1)(B), the removal period begins on the latest of three dates:

(i) The date of the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

During the removal period, the alien is subject to mandatory detention. *See* INA § 241(a)(2). Detention beyond the 90-day removal period is authorized under INA § 241(a)(6) for certain inadmissible or criminal aliens.[1]

---

[1] In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for immigration detainees following a final

It is clear from the facts recited above that petitioner sought judicial review of his removal order initially with the Second Circuit and that as a consequence of his filing in that court, his removal was stayed. The Second Circuit ultimately transferred the petitions for review to the Fifth Circuit, but the stay remained in effect until April 13, 2007 when the Fifth Circuit issued an order denying petitioner's motion for stay of removal. At that time, the removal period would have commenced. However, it was suspended between April 26, 2007 and May 25, 2007 when the Second Circuit issued a temporary stay of removal. Accordingly, the court finds that petitioner has not been in post-removal-order-detention pursuant to INA § 241(a)(6) beyond the presumptively reasonable six month time period. Therefore, this *habeas corpus* petition challenging petitioner's detention is premature.

Furthermore, the Court finds that petitioner has failed to show that there is no significant likelihood of his removal in the reasonably foreseeable future. In *Andrade v. Gonzales,* the Fifth Circuit reiterated that the Supreme Court's holding in *Zadvydas* "creates no specific limits on detention"; that "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'"; and that "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade*, 459 F.3d at 543, quoting *Zadvydas*, 121 S.Ct. at 2505.

Petitioner has been in post-removal-order detention since August 10, 2006, a period greater than six months. However, the record before this court establishes that unlike the detainees in Zadvydas, petitioner's detention is not potentially permanent and that petitioner is responsible for his own plight. There is no dispute regarding petitioner's nationality. Guyana has, in fact,

---

order of removal. *Zadvydas*, 121 S.Ct. at 2504.

previously issued a travel document for petitioner, and petitioner would have been removed but for the presence of a stay which he obtained from the Second Circuit. While petitioner has a legal right to seek judicial redress, it is apparent that his litigation has impeded the ability of USICE to removal him. Thus, he cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future.

Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED and DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 17, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE